### Ex Parte Pacheco.

Apelación procedente de la Corte de Distrito de San Juan.

No. 89.—Resuelto en febrero 20, 1904.

Dominio.—La citación de la persona de quien proceden los bienes o su causahabiente es requisito esencial en los expedientes de dominio.

Id.—Posesión para Adquirirlo.—La mera posesión de veinte años no basta para justificar el dominio que sobre el inmueble se atribuya el promovente, en los casos en que no conste el dominio que tuviera el anterior poseedor, ni la fecha y demás circunstancias en que se verificara la enajenación en favor del promovente.

EXPOSICIÓN DEL CASO.

En los autos seguidos en el Tribunal de Distrito de San Juan a instancia de Don Manuel Pacheco para acreditar el dominio de una finca rústica, pendientes ante nos en virtud del recurso de apelación interpuesto por la representación del promovente contra la sentencia dictada por el referido tribunal de distrito, la copiada a la letra dice así:

"Puerto Rico, 6 de julio de 1903. *Vistos* estos autos promovidos por el abogado Don Damián Monserrat y Simó, a nombre de Don Manuel Pacheco para acreditar el dominio de una finca rústica. (*)

"*Resultando:* que en 10 de marzo último acudió a este tribunal el referido abogado, manifestando que a virtud de compra hecha a Nicolás Román hacía años, era dueño su cliente de cinco cuerdas de terreno, radicadas en el barrio de Candelaria, de Toa Baja, hoy Bayamón, y que careciendo de título de dominio inscrito, promovía el oportuno expediente para obtenerlo, con arreglo al artículo 395 de la Ley Hipotecaria.

"*Resultando:* que con audiencia del Ministerio Fiscal se mandó recibir la información de testigos que propuso como prueba, con citación del propio Ministerio, de su vendedor, de los que tuvieran algún derecho real sobre el terreno descrito y de los colindantes, dentro del término de 60 días, convocándose también a las personas ignoradas a quienes pudiera perjudicar la inscripción por medio de edictos que se fijarían en los sitios públicos de costumbre e insertarían por tres veces en un periódico de esta capital, de los de más circulación.

"*Resultando:* que fijados los edictos y publicados en tres números del *Heraldo Español,* correspondiente a los días 26, 27 y 28 de marzo último, citados en lugar de Don Nicolás Román, que se dijo estar demente, su esposa, Doña Martina Medina, y los colindantes del predio, declararon dos testigos de cuyo conocimiento certificó el secretario del Juzgado Municipal de Toa Alta a tenor del interrogatorio presentado por el promovente, sin que por virtud de los llamamientos hechos se hubiese presentado opositor alguno.

"*Resultando:* que transcurrido el término señalado para la prueba, y no valiendo el terreno más de $50, se citó al interesado y al Ministerio Fiscal a una comparecencia verbal para el día 10 de junio próximo pasado, a la que no asistió ninguno de ellos.

"*Resultando:* que los dos testigos examinados, en que consiste toda la prueba ofrecida, se limitan a manifestar, de acuerdo con el interrogatorio, que Pacheco adquirió hace años de Nicolás Román las cinco cuerdas de terreno, y que desde su adquisición ha venido disfrutándolas quieta y pacíficamente, sin oposición de nadie, añadiendo únicamente que la posesión de Pacheco data de más de 20 años.

"*Resultando:* que en la sustanciación del expediente no se han observado del todo las reglas del procedimiento, pues en lugar de la citación personal de Nicolás Román, de quien dice el promovente haber adquirido las tierras, aparece citada Doña Martina Medina,(*) que se dice su esposa, sin que se haya acreditado esa circunstancia, ni tampoco la incapacidad mental de Don Nicolás Román.

"*Considerando:* que la citación de la persona de quien procedan los bienes, o de su causa-habiente, siendo conocido, es uno de los requisitos más esenciales que exige el artículo 395 de la Ley Hipotecaria.

"*Considerando:* que la mera posesión de 20 años, de que vagamente hablan los dos testigos presentados por Don Manuel Pacheco, no basta para justificar el dominio que éste se atribuye sobre el inmueble descrito al principio, no habiéndose ofrecido prueba alguna del que tuviera Nicolás Román sobre el predio de que se trata, ni siquiera la fecha y demás circunstancias en que se verificara la venta, que se supone hecha por el último.

"*Vista* la disposición legal citada y demás aplicables al caso de la Ley Hipotecaria y el Código Civil vigente.

"Se declara que Don Manuel Pacheco no ha justificado el dominio que solicita, denegándose por lo tanto sus pretensiones.

"Así lo acordaron los señores del tribunal y firman de que certifico: Juan Morera Martínez, Frank H. Richmond, José Tous Soto, Luis Méndez Vaz."

*Resultando:* que contra esta sentencia interpuso apelación la representación del promovente, y admitido el recurso libremente y en ambos efectos, se elevaron los autos a esta Superioridad con citación y emplazamiento de las partes, y que personado el apelante y sustanciado en forma el recurso, se señaló día para la vista, con citación de las partes, cuyo acto se celebró con asistencia del Señor Fiscal de este Tribunal Su-

premo, no habiendo comparecido el abogado defensor de la parte apelante.

Abogado del apelante: *Sr. Damián Monserrat.*

Abogado del Pueblo: *Sr. del Toro, Fiscal.*

EL JUEZ PRESIDENTE SR. QUIÑONES, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Aceptando* los fundamentos de hecho y de derecho de la sentencia apelada.

Vistas las disposiciones legales que en la misma se citan.

*Fallamos:* que debemos confirmar y confirmamos la expresada sentencia con las costas al apelante. (\*)

Jueces concurrentes: Sres. Hernández, Figueras y Mac-Leary.

El Juez Asociado Sr. Sulzbacher no formó tribunal en la vista de este caso.