CORREA ET AL. *v.* CORREA ET AL.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 719.—Resuelto en marzo 8, 1912.

NULIDAD DE INSTITUCIÓN DE HEREDEROS—NIETOS NATURALES—ACTOS DE RECONOCIMIENTO.—Una demanda sobre nulidad de institución de herederos entablada por un hijo natural reconocido de uno de los hijos del causante de la sucesión demandada que no alega específicamente los actos constitutivos de reconocimiento de dicho demandante, es insuficiente, pues no basta insertar como se ha hecho en el caso de autos una cláusula del testamento de dicho causante relativa al legado que deja al demandante, pues el reconocimiento es un acto personalísimo que debe hacerse por el padre o la madre en su caso, o por ambos conjuntamente, o por virtud de una sentencia dictada en el juicio correspondiente.

HIJOS NATURALES—DERECHO SUCESORIOS—LEY QUE REGULA DICHOS DERECHOS.— Es un principio bien establecido que las leyes vigentes al fallecimiento del causante, son las que deben regular los derechos de los herederos.

ID.—DERECHO DE REPRESENTACIÓN—PADRE LEGÍTIMO DEL PADRE NATURAL.—De acuerdo con la legislación vigente el 13 de agosto de 1879, el hijo natural reconocido no tiene derecho a heredar, en representación de su padre natural, al padre legítimo de su padre natural y por lo tanto, el padre de las demandantes en este caso no era heredero forzoso del causante de la sucesión demandada, y las demandantes carecen de acción para pedir la nulidad del testamento impugnado en la demanda.

ID.—DERECHOS SUCESORIOS—DERECHO DE REPRESENTACIÓN—CÓDIGO CIVIL.—De acuerdo con las disposiciones del Código Civil Español vigente en Puerto Rico en 1890, el hijo natural reconocido tampoco tiene derecho a heredar, en representación de su padre natural, al padre legítimo de su padre natural.

LEGADO—LEGATARIO—DERECHO HABIENTES DEL LEGATARIO.—Una demanda sobre reclamación de un legado en la cual se omite expresar la fecha del fallecimiento del testador, es insuficiente, pues es indispensable conocer dicha fecha para saber si el legatario sobrevivió al testador para determinar si adquirió el legado y lo trasmitió a sus herederos, siendo de la incumbencia de los que reclaman un legado como habientes derecho del legatario, probar que éste es quien ha sobrevivido.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. José G. Torres y Augusto Malaret.*

Abogado de los apelados: *Sr. Félix Santoni.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un caso sobre nulidad de institución de herederos, decidido sobre las alegaciones.

Angelina María y Teresa María de Jesús Correa, y Monserrate Dávila, viuda de Correa, establecieron una demanda en la Corte de Distrito de Arecibo contra la Sucesión de Felipe Correa y Micaela Fuentes, solicitando que la corte declarara nula la institución de herederos contenida en el testamento mancomunado otorgado por los cónyuges Don Felipe Correa y Da. Micaela Fuentes en 1878 y nulas las particiones hechas por los herederos de dichos cónyuges y las inscripciones que en virtud de las mismas se habían llevado a efecto en el registro de la propiedad, y que ordenara además la práctica de una nueva partición y el pago a las demandantes de un legado de mil dollars consignado en el referido testamento.

Para basar tales peticiones, alegaron las demandantes los siguientes hechos:

"1°. Que las demandantes son las únicas y universales herederas de Vicente Correa y Portalatín, las dos primeras como hijas y la última como viuda, según declaratoria hecha por esa corte de distrito.

"2°. Que la sucesión demandada la componen (se nombran las personas).

"3°. Que Don Felipe Correa y Molina, esposo que fué de Doña Micaela Fuentes y Zayas, falleció en Arecibo el día 13 de agosto de 1879, bajo testamento mancomunado con su dicha esposa, cuya cláusula décima tercia dice como sigue: 'Los señores testadores instituyen por sus únicos y universales herederos de todos sus bienes, derechos y acciones a sus cinco hijos Don Gabriel, Doña Magdalena, Doña Rosa, Don José Nicolás y Doña Rita Correa, como asimismo a Doña Micaela Batistini y Correa en representación legal de su difunta madre Doña Josefa Correa para que lo hayan y lleven, con la bendición de Dios y la suya sin limitación alguna.'

"4°. Que la cláusula octava de dicho testamento es como sigue: 'Legan al *hijo natural de su difunto hijo* Don Carlos, nombrado Vicente Correa, la cantidad de mil pesos.'

"5º. Que el referido Carlos Correa y Fuentes era hijo legítimo de los cónyuges Felipe Correa y Molina y Micaela Fuentes y Zayas, el cual falleció en estado de soltería antes que sus padres, dejando dos hijos naturales reconocidos nombrados Manuel y Vicente; y habiendo muerto Manuel sin descendientes ni ascendientes quedó Vicente Correa como único heredero de dicho Carlos Correa, y por tanto, heredero también por representación legal de los referidos cónyuges Felipe Correa y Micaela Fuentes.

"6º. La viuda Doña Micaela Fuentes en unión de sus hijos Gabriel, Magdalena, Rosa, José Nicolás y Rita Correa y Fuentes y la nieta Micaela Batistini y Correa verificaron la partición de bienes a la muerte de Felipe Correa y Molina prescindiendo por completo del legítimo heredero Vicente Correa en representación de su padre Carlos Correa y Fuentes, al cual no solamente nada se le adjudicó en pago de su legítima, si que tampoco se le pagó el legado de mil pesos que figura a su favor en el testamento.

"7º. Doña Micaela Fuentes Zayas falleció en Arecibo posteriormente el día 15 de agosto de 1890, cuando ya regía en Puerto Rico el Código Civil Español, bajo el mismo testamento mancomunado hecho con su esposo. En esta segunda partición, se prescindió también por completo de la legítima correspondiente a Vicente Correa en representación de su padre Carlos Correa, y tampoco se le pagó el legado de mil pesos a su favor.

"8º. Que entre los bienes de la herencia figuraban varias propiedades de las cuales se encuentran en poder de los herederos las siguientes: (se describen detalladamente)."

Los demandados alegaron que la demanda no aducía hechos suficientes para determinar una causa de acción. La corte sostuvo la excepción y mandó registrar su resolución como sentencia. Y contra esa sentencia se interpuso el presente recurso de apelación.

Examinando en su totalidad la demanda, se observa que no obstante basar como basan las demandantes su derecho en su condición de herederas de Vicente Correa, hijo natural reconocido de Carlos Correa y Fuentes, no se alegan específicamente los actos constitutivos del reconocimiento del dicho Vicente como hijo del expresado Carlos. No basta la inserción en la demanda de la cláusula relativa al legado, pues el reconocimiento es un acto personalísimo que debe hacerse por

el padre o la madre en su caso o por ambos conjuntamente, o por virtud de una sentencia dictada en el juicio correspondiente.

Surge despúes otra cuestión que es sin duda la más esencial e importante en este caso, a saber: si un hijo natural reconocido es heredero forzoso, en representación de su padre en la herencia de sus abuelos, padres legítimos de su padre natural.

Para estudiar debidamente esta cuestión, es necesario fijar antes las fechas del fallecimiento de los abuelos, pues es un principio bien establecido que la ley o las leyes vigentes en tales fechas, son las que deben regular los derechos de los herederos.

El abuelo, Don Felipe Correa, falleció el 13 de agosto de 1879 y la abuela, Doña Micaela Fuentes, el 15 de agosto de 1890. En cuanto al primero, rige, pues, la legislación anterior al Código Civil Español, y en cuanto a la segunda, el Código Civil Español.

La sexta de las Leyes de Toro, publicadas en 1505, que es la 1ª., del título 8º. libro 5º., de la Recopilación, y la 1ª., título 20, libro 10 de la Novísima, establece y fija el derecho de suceder los ascendientes legítimos a sus descendientes y el de éstos a aquéllos. Sus prescripciones se refieren claramente a la familia legítima.

Y la novena y la décima de dichas leyes, prescriben los casos en que los hijos bastardos e ilegítimos pueden o no heredar a sus madres ex-testamento y abintestato y la parte de los bienes que pueden mandar los padres a sus hijos ilegítimos y naturales.

La ley de 16 de mayo de 1835 mejoró la condición de los hijos naturales, pero siempre relacionándolos únicamente con el padre o madre que los reconocieron.

No se nos ha citado por las recurrentes, ni hemos podido encontrar en la investigación de las leyes anteriores al Código Civil Español que hemos practicado al efecto, ni un solo pre-

cepto de ley, ni un solo precedente que autorice al hijo natural reconocido a heredar, en representación de su padre natural, al padre legítimo de su padre natural. Y siendo esto así, es necesario concluir que el padre de las demandantes en este caso, no era heredero forzoso de Don Felipe Correa y que, por tanto, las demandantes carecen de acción para pedir la nulidad del testamento otorgado por Don Felipe y bajo el cual murió el 13 de agosto de 1879.

Examinemos la cuestión a la luz de lo preceptuado en el Código Civil Español hecho extensivo a Puerto Rico por real decreto de 31 de julio de 1889, para fijar los derechos de las demandantes con respecto a la herencia de Doña Micaela Fuentes, muerta el 15 de agosto de 1890.

El artículo 931 del Código Civil Español dispone que los hijos legítimos y sus descendientes suceden a los padres y demás ascendientes sin distinción de sexo ni edad, y aunque procedan de distintos matrimonios.

Y el artículo 943 del propio Código determina que el hijo natural y el legitimado no tienen derecho a suceder abintestato a los hijos y parientes legítimos del padre o madre que lo haya reconocido, ni ellos al hijo natural ni al legitimado.

Estudiando dichos artículos y todos los demás del Código que establecen los derechos de los hijos naturales, se concluye que si bien la condición de tales hijos continuó mejorando, la idea fundamental de no extender más allá del padre o madre que los reconocían, los derechos hereditarios de dichos hijos con respecto a sus ascendientes, continuó inspirando al legislador español.

Manresa, en el tomo 7 de sus Comentarios al Código Civil, páginas 44 y siguientes, sostiene que los descendientes a que se refiere el artículo 931 son los legítimos y que el artículo 943 niega en absoluto al hijo natural y al legitimado el derecho de suceder abintestato a los hijos y parientes legítimos del padre o madre que lo haya reconocido, comprendiendo entre los parientes a los abuelos, tanto por derecho propio

como por derecho de representación. Y luego expone, comentando el artículo 945 del Código, lo que sigue:

"Resulta de lo expuesto en el artículo anterior, que el hijo natural sólo se relaciona con el padre o la madre que le reconoció, y con ocasión del reconocimiento con otros hijos naturales al efecto de suceder, con arreglo al artículo 945. No tiene más ascendientes que el padre o la madre; no tiene tampoco colaterales que puedan proceder de la línea ascendente; los mismos hermanos de su padre y sus descendientes son para él personas extrañas. En cambio puede crearse una familia legítima, cuyo tronco será él mismo y en la que sólo puede haber respecto a él, descendientes."

Scaevola, en su comentarios a los artículos 939 al 942 del Código, tomo 16, página 396, dice: "Tampoco cabe alegar en contra el repetido y a nuestro juicio, equivocado argumento de que el hijo natural no puede suceder a la ascendencia legítima del padre o madre que lo reconoció: Primero, porque, como veremos luego al comentar el artículo siguiente (943), esta prohibición que ha podido mantenerse en Francia a virtud del artículo 756 del Código de Napoleón y en Italia por efecto del 748, en España no puede prevalecer; y en segundo lugar, porque el descendiente natural del hijo legítimo es nieto natural de su abuelo y son recíprocamente abuelo y nieto naturales, no dándose, por tanto, el caso de que el parentesco legítimo herede al ilegítimo y vice versa."

Y luego declarando inaplicable al caso la definición de la palabra "parientes" dada por Escrich en su Diccionario de Legislación y Jurisprudencia, interpreta el artículo 943 del Código, en el sentido de que los parientes a que se refiere, son únicamente los colaterales.

Los dos grandes comentaristas españoles del Código Civil, sostienen, pues, opiniones contrarias en este caso. Hemos estudiado cuidadosamente los razonamientos por ellos aducidos y nos parece que los del Sr. Manresa están más en harmonía con el espíritu que informa el Código Civil al regular el orden de suceder, y con los precedentes históricos sobre la materia. Lo que sostiene Scaevola sería una innovación

y las innovaciones en las leyes deben aparecer perfectamente claras.

Además, el Tribunal Supremo de España ha decidido esta cuestión en una sentencia que, si bien no tiene fuerza obligatoria en Puerto Rico por haber sido dictada después de haber dejado de regir el Código Español, tiene para nosotros toda la autoridad de sus propios fundamentos. Nos referimos a la sentencia de 13 de febrero de 1903, en la cual se estableció la siguiente doctrina:

"El hijo natural, cuyo difunto padre fuera hijo legítimo, no tiene derecho alguno a la herencia de su abuelo, aunque éste muera sin descendientes legítimos que le sobrevivan; lo cual aparece con plena evidencia, no tan sólo porque el artículo 943 del Código Civil niega al hijo natural derecho a suceder abintestato a los hijos y parientes legítimos del padre o madre que le haya reconocido, y por lo mismo al abuelo; y porque dentro del orden de suceder establecido para los hijos naturales y sus descendientes en los artículos 939 al 944, no tiene lugar el nieto natural cuyo padre fuese legítimo, sino muy especialmente atendida su directa aplicación al caso, porque heredando los hijos al padre por derecho propio, y por el de representación los nietos a su abuelo, según los artículos 932 y 933, este derecho tan sólo está concedido a los nietos y descendientes legítimos cuando el cabeza de la línea recta descendente sea un hijo legítimo, conforme a una doctrina secular admitida por nuestro Código como base del orden de suceder que el mismo establece, y especialmente sancionada por el artículo 931, donde se da por supuesto que los descendientes llamados a suceder por tal línea han de ser hijos de legítimo matrimonio."

Y esta misma Corte Suprema de Puerto Rico, en el caso de *Ex parte Smith et al.*, 14 D. P. R., 673; 14 P. R. R., 652, esbozó su criterio al consignar lo que sigue:

"No es de extrañar que ilustrados comentaristas del Código Civil Español opinen con relación al artículo 931 del mismo, que los descendientes a que ese artículo se refiere son los legítimos y no otros, pues según dejamos establecido, dicho artículo y el 905 de nuestro Código están informados por principios distintos. La interpretación de tales comentaristas puede ser buena, como buena reputamos la que hemos dado al artículo 905 de nuestro Código, que no es una repro-

ducción del artículo 931 del Código Civil Español. Si lo fuera, acaso aceptaríamos la opinión de aquellos comentaristas.''

Habiendo en consideración de todo lo expuesto, es necesario concluir que también las prescripciones del Código Civil Español son adversas a las pretensiones de las demandantes y que éstas carecen de acción para pedir la nulidad del testamento de Doña Micaela Fuentes.

Examinemos ahora la última de las cuestiones envueltas en este asunto: La de si la demanda aduce o no hechos suficientes para sostener la reclamación de las demandantes en cuanto al legado de mil pesos.

En nuestra opinión no los aduce, porque omite expresar la fecha del fallecimiento de Vicente Correa, fecha que es necesario conocer para saber si Vicente Correa sobrevivió a Don Felipe Correa y a Doña Micaela Fuentes, y por tanto, si adquirió el legado y lo trasmitió a sus herederas, las demandantes en este caso.

''Proviene la extinción del legado de parte del legatario en los casos siguientes: 1°. Cuando el legatario muere antes que el testador; Ley 35, título 9°., partida 6ª., siendo de advertir que a los que reclaman el legado como habientes derecho del legatario toca probar que éste es quien ha sobrevivido;'' * * *.

(3 Escrich, 859.)

''El legatario adquiere derecho a los legados puros y simples, desde la muerte del testador, y lo trasmite a sus herederos.'' (Art. 881 del Código Civil Español.)

En tal virtud el recurso interpuesto debe declararse sin lugar y confirmarse la sentencia apelada sin perjuicio del derecho que puedan tener las demandantes a presentar una nueva demanda en reclamación del legado.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.