Rivero et al. *v.* Hernández et al.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 848.—Resuelto en diciembre 20, 1912.

Expediente de Dominio—Acción de Nulidad—Citación de los Dueños Anteriores—Falta de Publicación de Edictos.—La citación de los anteriores dueños o causahabientes, y la publicación de edictos en debida forma, son requisitos indispensables para la validez de un expediente de dominio. La falsedad de las alegaciones de una solicitud promoviendo un expediente de dominio, es bastante para anular dicho expediente.

Id.—Anteriores Dueños o Causahabientes Menores de Edad—Citación Personal—Fiscal.—En todo expediente de dominio en que los anteriores dueños o causahabientes son conocidos y están dentro de la jurisdicción, es indispensable citarlos personalmente, aun cuando sean menores de edad y no tengan tutor nombrado, sin que pueda ser suplida esta omisión con la citación y comparecencia del Fiscal, ni con la publicación de edictos.

Id.—Acción de Nulidad—Partes Necesarias.—Los demandados son las únicas partes necesarias en este pleito, porque son los que promovieron el expediente de dominio y obtuvieron a su favor la resolución declarando el dominio.

Id.—Requerimiento Previo a los Demandados.—En una acción para anular un expediente de dominio no es necesario que el demandante haga un requerimiento previo al demandado, bastando para iniciar la acción el que se radique la demanda y se haga el emplazamiento.

Id.—Prescripción Adquisitiva del Dominio—Buena Fe—Acción de Nulidad.—La buena fe es requisito indispensable para adquirir el dominio por el término ordinario de prescripción. Es dudoso si los demandados no habiendo fundado el expediente de dominio en litigio en la prescripción adquisitiva del dominio, pueden ahora alegar dicha prescripción en esta acción.

Costas—Discreción del Tribunal Sentenciador.—Aun cuando en la demanda no se haga petición alguna sobre costas, el tribunal sentenciador tiene la facultad discrecional de imponerlas, y generalmente las costas son consecuencia de la sentencia.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Manuel Moraza.*

Abogado de los apelados: *Sr. Francisco Ramírez de Arellano.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El único objeto de este pleito que fué entablado por María del Rivero Hernández y Benito del Rivero Hernández era el que se decretara la nulidad y cancelación de un expediente o título de dominio tramitado por los demandados Mariano y Gregorio Hernández. Los demandantes alegaron que eran los únicos y universales herederos de su madre, alegando además que su referida madre era la heredera de la abuela y bisabuela de los demandantes. No existe controversia alguna con respecto a la identidad de la finca. La corte inferior dictó sentencia a favor de los demandantes.

Los demandados y apelantes admitieron en sus alegaciones, así como en el acto del juicio, que a no haber sido por cierta eventualidad los demandantes hubieran tenido derecho a ser dueños por herencia y poseer las cuarenta y cinco cuerdas de las doscientas con respecto a las cuales tramitaron los demandados un título de dominio, pero alegaron que la persona de quien los demandantes hubieran derivado su título, o sea Saturnina Hernández, madre de los demandantes, en unión de su esposo Justo del Rivero Larregui, vendieron dichas cuarenta y cinco cuerdas a Don Ramón Hernández con el fin de que este último pagara varias deudas que tenía Justo del Rivero Larregui.

Ramón Hernández era el padre de los demandados y abuelo de los demandantes. Los demandados alegaron que se había perdido el documento o escritura por virtud del cual se verificó este traspaso y presentaron testigos en el juicio para probar su contenido. Estos testigos declararon que se había verificado un traspaso en la fecha de la celebración de cierto bautismo y no en el mismo bautismo, pero los demandantes presentaron un documento escrito que fué otorgado hacia la fecha de dicho bautismo, con el cual trataron de negar y probar que era errónea la teoría sustentada por los demandados acerca del caso.

Este documento lleva fecha de octubre 1º. de 1885, y hace referencia a tres de las personas que se supone que tomaron parte en el traspaso que se hizo a Ramón Hernández, y aunque dicho documento es algo confuso y menciona ciertas deudas, de Justo del Rivero Hernández que habían de ser satisfechas, no podía considerarse de modo alguno como si fuera una escritura de compraventa, por no haber sido firmado por Saturnina Hernández, no mencionándose tampoco en el mismo la finca que a ella pertenecía, o sean las cuarenta y cinco cuerdas que obtuvo de su madre y abuela. Hubo un conflicto en la prueba y la corte dictó sentencia a favor de los demandantes, sin que exista razón alguna por la que pudiéramos revocar esa conclusión.

Además, los demandantes son a la vez nietos de Ramón Hernández y la finca en cuestión pertenecería a su sucesión, de la que forman parte conjuntamente los demandantes con los demandados y otros. Convenimos con la corte inferior en su razonamiento que aquí expresamos de modo más breve y también estamos de acuerdo con dicha corte al expresar que debe ser cancelado el título de dominio por los defectos que contiene, teniendo los demandantes como tales dueños derecho a establecer la acción de nulidad. La corte también declaró probado que en el término de tres meses los mismos demandados habían presentado dos solicitudes para establecer un título de dominio, en las cuales el origin del título era completamente distinto, sin que de modo alguno se tratara de expresar en la segunda solicitud en qué consistía esta discrepancia.

La segunda solicitud fué la que se concedió y la corte declaró que el título de dominio era nulo, debido principalmente a la falsedad de algunas de las alegaciones, y también por no haber sido citados los anteriores dueños o causahabientes. Entre estos causahabientes se encontraban los demandantes así como también los herederos de Carmen Hernández, hermana de los demandados. Otro motivo de nulidad consistió

en haber dejado los demandados de publicar los edictos en debida forma.

A pesar de esta discrepancia en las dos solicitudes y de la diferencia que existía en la declaración que los demandados prestaron en el juicio, a la cual hace referencia la corte, sin embargo, es probable que se haya considerado que los demandados obraban de buena fe, si bien no estaban completamente seguros de sus alegaciones; pero en vista de todas las circunstancias de este caso, la corte que oyó a los testigos hubiera podido cancelar el título en favor de los verdaderos dueños, por el sólo fundamento de las alegaciones falsas contenidas en la solicitud.

Sin embargo, la omisión de no hacerse la citación personalmente fué otro error importante. Los apelantes trataron de justificar su falta de no haber citado personalmente a su sobrino y sobrina, o sea a los demandantes en este pleito, alegando que eran menores en esa fecha, que no tenían tutor o curador alguno y, además, porque el Fiscal tuvo intervención en los procedimientos.

El hecho de que ciertas personas con derecho a establecer reclamaciones sobre la propiedad sean menores, no justifica la falta de que se haga la citación personalmente o se tome alguna otra medida con el fin de que dichos menores comparezcan ante la corte. Estos menores eran bien conocidos de los demandados y antes de que dichos demandados pudieran seguir con su solicitud era necesario que se hiciera personalmente el servicio de la citación o se nombrara un tutor. No es necesario que resolvamos cuál era el método adecuado puesto que los demandantes no eligieron ninguno. En una solicitud para establecer un título de dominio en que los anteriores dueños son conocidos y están dentro de la jurisdicción, es indispensable que se haga la citación personalmente o en otra forma adecuada. La publicación de edictos no es adecuada, ni tampoco suplió aquel defecto la citación y comparecencia del Fiscal. El no fué notificado de que dichos menores exis-

tieran. Ni vemos ninguna justificación con respecto a la omisión en citar a los herederos de Carmen Hernández.

Probablemente fué cierto que ella había traspasado sus participaciones en la finca a los demandados, pero uno de los fines de la ley es dar a ella o a sus herederos una oportunidad para negar ese hecho. Creemos que la ley en cuanto a este particular debe observarse estrictamente, pues con la citación de los anteriores dueños aunque los mismos no tengan reclamación, se da cierta publicidad a los procedimientos, siendo éste uno de los fines que la ley se propone conservar. Resulta claro en el presente caso que por la citación de cualquiera de sus parientes más cercanos como lo eran los hijos de Carmen, la solicitud presentada por los demandados pudo haber llegado a conocimiento de los demandantes.

Los apelantes alegan que se han cometido errores porque Carmen Hernández y otros no fueron partes en el pleito. No creemos que ella ni ningún otro miembro de la sucesión fuera parte necesaria. Los demandantes encontraron que el título de dominio era un impedimento para el ejercicio de los derechos que ellos deseaban establecer. Las únicas personas que tenían interés en que continuara dicho impedimento, o sea el título de dominio, eran los demandados.

La omisión de hacer una reclamación previa a los demandados fué igualmente señalado como error. Con arreglo a nuestro actual código de procedimiento, dudamos si en la mayor parte de las acciones es necesario que se haga reclamación previa alguna a no ser que así lo exija de modo específico el Código Civil, siendo suficiente reclamación el establecimiento de la acción, pero es innecesario que se resuelva ese punto en términos generales. Los demandantes en esta acción no tratan de reivindicar la propiedad. Solicitan de la corte que anule la acción tomada anteriormente y para conseguir esto no había necesidad de ninguna otra reclamación sino hacer el emplazamiento a los demandados.

Los demandados también alegan que ellos probaron tener un derecho de prescripción en la propiedad por el transcurso

de seis años o más.   Creemos que considerando estos parientes cercanos así como también las distintas e incompatibles solicitudes presentadas por los demandados, la forma en que poseían y finalmente la manera como obtuvieron el título de dominio, que la corte estuvo justificada en no encontrar por parte de los mismos el elemento de buena fe, sin el cual el título ordinario o adquisitivo de prescripción no puede surgir.   Además·dudamos si puede alegarse la prescripción ordinaria contra esta acción, principalmente por no haberse fundado en ese motivo la solicitud para el título de dominio.

Los apelantes también alegaron que se cometió error porque la corte no concedió la petición que los mismos hicieron y que se fundaba en los procedimientos seguidos en otra acción entre las mismas partes y por la misma causa de acción. Sin embargo, la única acción pendiente a que se hace referencia en la contestación es una sobre cancelación de una carta de pago de fecha 5 de septiembre de 1884. No había ninguna otra acción pendiente para la cancelación del título de dominio.

Los apelantes alegan que se ha cometido error o abuso de discreción al imponerse las costas, puesto que en la demanda no se hace petición alguna con respecto a las mismas. La corte, sin embargo, tiene discreción sobre la materia, y las costas generalmente siguen a la sentencia.   No encontramos que se haya cometido error alguno, y la sentencia debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary y del Toro.

El Juez Asociado Sr. Aldrey, no intervino en la resolución de este caso.