CRUZ, PROMOVENTE Y APELADA, *v.* SANTIAGO, OPOSITOR Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en un expediente de dominio.

No. 1458.—Resuelto en julio 13, 1916.

EXPEDIENTE DE DOMINIO—REGLAS DE INTERÉS PÚBLICO.—Las reglas establecidas para la instrucción de los expedientes de dominio deben cumplirse estrictamente por ser de interés público.

ID.—ESCRITO INICIAL—BIENES ADQUIRIDOS POR TÍTULO DE HERENCIA—CAUSAHABIENTES.—Adolece de defecto sustancial la información practicada para acreditar el promovente de ella el dominio de bienes inmuebles adquiridos de sus padres por título hereditario, sin alegar en el escrito inicial del procedimiento quiénes eran los causahabientes de sus padres ni que aquél era el único heredero, requisito indispensable para la citación de los causahabientes en el primer caso o para prescindir de ella en el segundo.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. Luis Yordán Dávila.*
Abogado de la apelada: *Sr. Eduardo Flores Colón.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Con fecha 4 de mayo de 1915 promovió Isabel Cruz y Luciano ante la Corte de Distrito de Ponce expediente *ex parte* No. 4515 para justificar el dominio de una finca rústica situada en el barrio de Yabucoa Alta del término municipal de Peñuelas, alegando al efecto que la había adquirido por herencia de sus padres Eleuterio Cruz y Antonia Luciano fallecidos, respectivamente, en 1893 y 1896, quienes la poseyeron por más de cuarenta años.

La expresada corte por orden de la misma fecha dispuso fuera notificado el Fiscal del distrito de la instrucción del expediente y se citara personalmente a los anteriores dueños de domicilio conocido y por edictos a los anteriores dueños de paradero desconocido, a las personas ignoradas, a las que tuvieran cualquier derecho real sobre la finca, y a todas las que se consideraran perjudicadas con la inscripción de dominio solicitada, por término de 60 días, después de lo cual se oiría la información testifical ofrecida.

Juan de Dios Santiago y Mestei en escrito de junio 23, 1915, se opuso a la declaratoria de dominio solicitada, por el fundamento de que él había adquirido la finca de Isabel Cruz y Luciano desde 1°. de agosto de 1903 en que entró en posesión de la misma, habiendo sido esa posesión a título de dueño, pública, pacífica y no interrumpida.

Agrega el opositor que anteriormente bajo el No. 2939 había radicado en la secretaría de la corte solicitud igual para acreditar a su favor el dominio de la finca de que se trata.

Se señaló para la vista del caso el día 17 de enero de 1916 y en ese acto convinieron expresamente las partes en que habiendo como había dos expedientes de dominio sobre la misma finca se celebrara la vista del caso No. 4515 en la inteligencia de que esa resolución sería extensiva al otro caso No. 2939.

Practicadas las pruebas propuestas por ambas partes la corte dictó sentencia en 28 de enero citado por la cual declara sin lugar la oposición de Juan de Dios Santiago Mestei y justificado el pleno dominio de la finca a favor de Isabel Cruz Luciano, ordenando que una vez firme la sentencia se expida copia de la misma a la interesada para la inscripción en el registro, y decretando el sobreseimiento del expediente número 2939 por Juan de Dios Santiago Mestei, sin especial condenación de costas.

La expresada sentencia ha sido apelada para ante esta Corte Suprema por Juan de Dios Santiago y Mestei, y entre otras razones alegadas para sostener la revocación de la sentencia apelada invoca la de no haberse expresado en el escrito inicial del expediente promovido por Isabel Cruz y Luciano quiénes fueran los causahabientes de Eleuterio Cruz y Antonia Luciano, o si no los había, requisito indispensable para dar cumplimiento al artículo 395 de la Ley Hipotecaria.

Dicho artículo previene en su regla 1ª. que en el escrito inicial del procedimiento se pida que con citación de aquel de quien procedan los bienes, o de su causahabiente y del ministerio fiscal, se admitan al promovente las pruebas y se declare su derecho; y la regla 2ª. del mismo artículo ordena que el juez dará traslado del escrito al ministerio fiscal, citará a aquel de quien procedan los bienes o a su causahabiente si fuera conocido, y a los que tengan en esos bienes cualquier derecho real.

Examinado el escrito inicial del expediente promovido por Isabel Cruz y Luciano, encontramos que ésta alega haber adquirido la finca por título hereditario de sus padres Eleutorio Cruz y Antonia Luciano pero no dice que fuera única heredera de éstos, para que así pudiera prescindirse 'de la citación de los causahabientes de Eleuterio Cruz y Antonia Luciano, pues siendo ella la única heredera holgaría esa citación por la ficción legal de que causante y causahabiente son una sola persona.

Habiendo la posibilidad de que Isabel Cruz y Luciano no sea única heredera de Eleuterio Cruz y Antonia Luciano, muy bien puede suceder que haya quienes se crean con derecho a la herencia de aquéllos, y a esos indudablemente interesaría la citación de los causahabientes de Eleuterio Cruz y Antonia Luciano. *Calderón et al.* v. *García,* 14 D. P. R. 420 y 431.

La alegación que hemos examinado no fué hecha por la parte opositora en la corte inferior sino por primera vez ante esta Corte Suprema, y por tratarse de un defecto esencial hemos tenido que examinarla y resolverla.

Las reglas establecidas para la instrucción de los expedientes de dominio deben cumplirse estrictamente por ser de interés público. *Ex parte* Perrier, y del Rosario, 20 D. P. R. 128 y 130. La Ley Hipotecaria previene que sea citado aquel de quien proceden los bienes o su causahabiente, según dejamos consignado, y no puede excusarse el cumplimiento de semejante precepto sino en el caso de que no haya términos hábiles para ello, como sucedería en el caso de que el promovente que alega para la adquisición título hereditario, fuera el único heredero del causante, lo que no aparece alegado en el presente caso.

Por la razón expresada, y sin considerar los demás motivos del recurso, es de revocarse la sentencia apelada, sin perjuicio de que Isabel Cruz Luciano justifique el dominio que alega con sujeción a los preceptos de la Ley Hipotecaria.

> *Revocada la sentencia apelada sin perjuicio de que la peticionaria justifique el dominio que alega con sujeción a los preceptos de la ley hipotecaria.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.