JUAN FEBRE Y MARGARITO FEBRE, demandantes y apelados, *v.* FÉLIX FEBRE MANZO, demandado y apelante.

No. 4818.—*Sometido:* Junio 26, 1929. *Resuelto:* Nov. 26, 1929.

*F. Soto Gras* y *R. Díaz Collazo,* abogados del apelante; *H. Torres Solá* y *R. Ramírez Pabón,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

La apelación en este caso, es contra sentencia de la Corte de Distrito de San Juan, P. R., en la que se declaró con lugar una demanda de Juan y Margarito Febre contra Félix Febre Manzo.

En esencia, en la demanda se alegó que María Monserrate Febre era dueña de una parcela de terreno en el Seboruco, barrio de Santurce, término de San Juan de Puerto Rico, y que dicha parcela contenía 22,952 metros y 45 decímetros cuadrados, de terreno; que hasta su fallecimiento, ocurrido en 24 de julio de 1915, fué María Monserrate Febre dueña de ese terreno, que no enajenó en todo ni en parte; que al morir dicha señora era soltera, no tenía testamento, no dejó ascendientes ni descendientes naturales legalmente reconocidos, pero sí un nieto, Félix Febre Manzo, hijo natural no reconocido de una hija natural no reconocida de la causante, que se llamaba Paulina y que falleció en 7 de abril de 1889, soltera, y sin testar. Alégase asimismo que Félix Febre Manzo estableció ante la Corte de Distrito de San Juan un expediente sobre declaratoria de herederos de María Monserrate Febre, en 4 de diciembre de 1915, haciendo constar bajo juramento, que María Monserrate Febre había dejado, al morir, la finca de que antes se ha hecho mérito, y que el peticionario como hijo natural de Paulina Febre, y nieto natural de María Monserrate, era el único heredero de ésta; pero que en este expediente no recayó resolución; y el aquí demandado promovió ante la misma corte de distrito un expediente de dominio, en 18 de mayo de 1916, con relación a la misma finca antes ameritada, y en ese expediente alegó haber adquirido tal finca por compra a María Monserrate Febre el año 1914; y obtuvo resolución de la corte en fecha 9 de marzo de 1917, declarando a su favor el dominio de tal finca; y tal resolución fué inscrita en el registro de la propiedad; que el demandado segregó de la finca quince parcelas, que enajenó; que la finca de que se trata fué siempre propia de María Monserrate Febre; que nunca la enajenó, y hoy pertenece a los demandan-

tes, representando los derechos hereditarios de su padre legítimo Juan Manzo Febre y Franco, hermano de doble vínculo de María Monserrate Febre, y que los demandantes son las mismas personas con derecho a la sucesión de aquella señora, sin que el demandado como nieto natural no reconocido, de aquélla, tenga derecho alguno a su sucesión. Alégase además que en el expediente de dominio de que se trata, los hechos expuestos son falsos, y que el demandado los alegó a sabiendas de su falsedad, así como de la de los documentos y prueba testifical que presentó, y con los que sorprendió la buena fe de la corte, con el fin de defraudar los derechos de los aquí demandantes; que ese expediente se tramitó estando pendiente el de declaratoria de herederos, ya citado, y en el que el peticionario había alegado, bajo juramento, que la finca de que se trata en este caso, había sido dejada a su fallecimiento por María Monserrate Febre, que la poseyó hasta su muerte; que el demandado posee, en el momento en que la demanda se presenta, la finca que se reclama. Y pidieron sentencia por la que se declarara su carácter de únicos y universales herederos de María Monserrate Febre, como representantes de su padre legítimo Juan Manzo Febre, hermano de doble vínculo de la causante; que se declare la nulidad de los expedientes de declaratoria de herederos y de dominio; y la indemnización, y costas.

Contestando la demanda se alegó, en primer término, la falta de hechos suficientes para determinar causa de acción; que el demandado ha venido en la posesión constante del carácter de hijo natural reconocido de Paulina Febre, que era hija natural reconocida de María Monserrate Febre; y que adquirió la finca por compra a María Monserrate Febre, en 1914, y es dueño de la misma.

Oído el caso por la corte, dictó ésta su sentencia, a la que se une una relación del caso y opinión, cuidadosa y bien razonada, y declaró con lugar la demanda, estableciendo la nulidad del expediente de dominio, la falta de derecho del demandado

a la herencia de María Monserrate Febre; el carácter de herederos únicos a favor de los demandantes; la indebida posesión del demandado; la nulidad de la solicitud de éste en la declaratoria de herederos; el carácter de los demandados como dueños de la finca; la obligación de indemnizar, por el valor de las parcelas segregadas; y la imposición de costas, gastos y honorarios de abogado, imponiéndolo al demandado.

Contra esta sentencia se ha interpuesto la presente apelación, en la que el demandado apelante presenta dos señalamientos de error. El uno se refiere a la resolución de la excepción previa; y el otro, a la interpretación de la jurisprudencia relativa al derecho de representación que en la herencia de la abuela natural reclama el hijo (*sic*) natural.

En cuanto al primer señalamiento declaramos que la demanda contiene las alegaciones necesarias para determinar causa de acción, que en este caso son: personalidad de los demandantes como herederos de María Monserrate Febre, existencia de bienes hereditarios que se señalan, apoderamiento fraudulento de esos bienes por el demandado, empleo de medios y procedimientos judiciales falsos y fraudulentos para obtener el título y la posesión de esos bienes, posesión de los mismos y venta de parte de ellos, desconocimiento voluntario, y violación de los derechos de los demandantes, y daños infligidos a éstos por los actos del demandado.

En cuanto al segundo señalamiento es preciso empezar por declarar que la parte apelante no ataca las declaraciones que son base de la sentencia, en materia de hecho. En la relación del caso y opinión, encontramos el siguiente párrafo:

"La Corte, en vista de las admisiones hechas por el demandado en su contestación, y por el resultado de la evidencia introducida, declara probados satisfactoriamente y en toda su integridad todos y cada uno de los hechos contenidos en la demanda, desde el número UNO hasta el número DIEZ Y SIETE, ambos inclusive. También declara probado en toda su integridad, el hecho diez y nueve de la demanda, que fué admitido expresamente por el demandado. Y

todos los hechos de la demanda que se declaran probados en toda su integridad, se tienen por reproducidos en la presente opinión, y se hacen formar parte de la misma, como si estuvieren en ella literalmente transcritos.''

Entre esos hechos están los relativos a que el demandado era un hijo natural no reconocido de Paulina Febre, hija natural no reconocida de María Monserrate Febre; y los relativos a la falsedad de los hechos alegados en el expediente de dominio, al fraude en éste, y a la indebida posesión de la finca.

El caso fundamental citado por la corte sentenciadora es el de *Correa* v. *Correa,* 18 D.P.R. 117. En él se declaró:

(*a*) Que la ley que rige los derechos de los herederos es la vigente al fallecimiento del causante;

(*b*) Que de acuerdo con las disposiciones del Código Civil Español, el hijo natural reconocido no tiene derecho a heredar, en representación de su padre natural, al padre legítimo de este último.

La doctrina con respecto a la ley que regula los derechos del heredero, se había sostenido en el caso *Ex-Parte Smith et al.,* 14 D.P.R. 664.

En el mismo caso *Correa* v. *Correa,* antes citado, se dijo:

''Estudiando dichos artículos y todos los demás del Código que establecen los derechos de los hijos naturales se concluye que si bien la condición de tales hijos continúa mejorando, la idea fundamental de no extender más allá del padre o la madre que los reconoció, los derechos hereditarios de dichos hijos con respecto a un ascendiente, continúa inspirando al legislador.''

Como al citar la jurisprudencia es deber elemental del que la cita hacer el análisis del caso citado, y establecer la comparación con aquel a que ha de aplicarse la misma doctrina jurídica, es conveniente recordar ahora que en el caso que se cita, *Correa et al.* v. *Correa et al.,* Vicente Correa era el hijo natural reconocido de Carlos Correa, hijo legítimo de los causantes de la herencia de Felipe Correa, fallecido en 1879, y Micaela Fuertes, fallecida en 1890; el primero bajo el impe-

rio de la antigua legislación, y la segunda en la vigencia del Código Civil. Y este tribunal resolvió que las demandantes carecían de derecho para pedir la nulidad del testamento y de la partición.

En el caso *Gijón* v. *Surillo et al.*, 31 D.P.R. 199, se trataba de un hijo natural reconocido, cuyo abuelo falleció en 1905, bajo el imperio del Código Civil de Puerto Rico, cuyo artículo 913, da a los hijos ilegítimos reconocidos los mismos derechos hereditarios que a los hijos legítimos, tanto para heredar por derecho propio, como por representación. Se decidió que el derecho del heredero debe fijarse de acuerdo con la ley vigente al tiempo de fallecer el causante.

Basta con estas citas para justificar la aplicación a este caso de la ley vigente en 1915, en cuyo año murió María Monserrate Febre. Pero no queremos dejar a un lado algo que tiene suma importancia. El Código Civil de Puerto Rico en el artículo 913 antes citado, reconocía, o mejor, creaba, esos derechos hereditarios a favor de los hijos ilegítimos *reconocidos;* entendemos hijos naturales *reconocidos.* Esta calidad no se da en el demandado en el caso presente. Y debe notarse esto con mayor cuidado en el presente caso, porque la ley de 9 de marzo de 1911, en su redacción clara y exacta, ha establecido el derecho de los *"hijos naturales legalmente reconocidos"*.

En el caso ante nos, el demandado no es el hijo natural legalmente reconocido, ni fué Paulina Febre la hija natural legalmente reconocida de María Monserrate Febre. Falta, pues, un elemento esencial para la aplicación del precepto legal que quiere invocarse.

A más, quedan subsistentes, sin ser atacados como error, las declaraciones de nulidad del expediente de dominio seguido a instancia de Félix Febre Manzo, en cuanto a la finca que es objeto de este litigio, y la de nulidad de la petición en declaración de herederos *ab-intestato* de María Monserrate Febre. Consideramos firme la sentencia en cuanto a esos ex-

tremos. La declaración de falsedad y fraudulencia allí establecida, no se controvierte por el apelante. De este expediente de dominio aparece que el promovente, en el escrito inicial dice que compró la finca a María Monserrate Febre en 1914, y que ella poseía tal finca por más de 40 años; el mismo peticionario que alega este hecho en 18 de mayo de 1916, había alegado bajo su juramento, en 4 de diciembre de 1915, que María Monserrate Febre, a su muerte, dejaba como bienes 5 cuerdas y 84 centésimas de otra en el Seboruco, Santurce, finca de la misma medida y situación que la que luego describe en el expediente. En éste no se cita a la parte de quien proviene la finca, ni a sus herederos, cuando es evidente que el promovente sabía que María Monserrate Febre había muerto, y que tenía que citar a alguien, en concepto de causahabiente.

Este tribunal ha declarado de una manera inequívoca la doctrina en esta jurisdicción, en los casos *Ex-Parte Pacheco*, 5 D.P.R. 165; *Ex Parte Ramírez,* 7 D.P.R. 484; *Ex Parte Cortés,* 7 D.P.R. 488; *Calderón et al.* v. *García,* 14 D.P.R. 420; *Sierra* v. *Registrador,* 14 D.P.R. 686; *Rivero et al.* v. *Hernández et al.,* 18 D.P.R. 1042; y otros que cita la corte en su opinión; y en *Cancel* v. *Registrador,* 28 D.P.R. 918; *Cruz* v. *Santiago,* 24 D.P.R. 326 y demás citados por la apelada. En los expedientes de dominio los requisitos exigidos por la ley no son de mera formalidad, sino esenciales.

No existe el segundo error señalado.

*Debe confirmarse la sentencia apelada.*