ORTIZ ET AL., DEMANDANTES Y APELADAS, *v.* RIVERA ET AL.,
DEMANDADAS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Ponce en
en causa sobre nulidad de testamento.

No. 1679.—Resuelto en abril 30, 1918.

DERECHOS HEREDITARIOS—LEY DE 9 DE MARZO DE 1905—DISCREPANCIA ENTRE EL
TEXTO INGLÉS Y EL ESPAÑOL.—Es al texto español y no al inglés, dada la di-
ferencia de ambos textos y la historia de estos preceptos legales, a que debe
atenerse al interpretarse la sección 17 de la ley de 9 de marzo de 1905 refe-
rente al derecho hereditario de los hijos naturales.

ID.—HIJOS NATURALES—DESCENDENCIA—HIJOS LEGÍTIMOS.—El derecho de un
hijo natural para suceder a su padre quizás no lo concede el art. 913 del
Código Civil tan claramente como el 905, pero el primero de dichos artícu-
los revela la política general de la legislatura de hacer que los derechos de
los hijos naturales desciendan, al menos, hasta sus hijos legítimos, aún bajo
el supuesto, no admitido, de que tal derecho no esté garantido por el citado
art. 913.

Los hechos están expresados en la opinión.

Abogados de las apelantes: *Sres. J. y M. Tous Soto.*

Abogados de las apeladas: *Sres. V. Zayas Pizarro y R.
Martínez Nadal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tri-
bunal.

Apolinar Ortiz falleció el día 15 de febrero de 1915, de-
jando un testamento fechado 15 de septiembre de 1903, en el
que nombraba por sus únicos y universales herederos a dos
de sus hijos, designados por él como legítimos, pero que en
realidad eran legitimados. Pero Apolinar Ortiz tenía tam-
bién un hijo natural reconocido, llamado Juan Ortiz y León,
que falleció antes que su padre en 15 de septiembre de 1903.
Los demandantes y apelados son los legítimos hijos del ci-
tado Juan Ortiz y León. Con estos hechos debidamente pre-
sentados ante la corte, ésta declaró nulo y sin efecto el ci-
tado testamento de 15 de septiembre de 1903 en tanto cuanto
en el mismo se preterían los derechos de los demandantes
a suceder a su abuelo ya citado.

Convenimos con los apelantes en que los derechos de una

persona para suceder en la herencia, muy especialmente en cuanto a su participación, deben regirse por la ley en vigor al tiempo de la muerte del causante, pero de esta premisa no se sigue que los hijos legítimos en este caso no podrían adquirir de su abuelo lo que su padre Juan Ortiz y León hubiera podido recibir de su padre, si hubiera estado vivo entonces el citado Juan Ortiz y León. Son dos los problemas jurídicos a considerar. El uno es el derecho a suceder en el caudal hereditario de Apolinar Ortiz. El otro, el derecho de representación. No habiéndose repudiado el derecho de representación quedó subsistente en favor de los apelados al fallecer su propio padre. En el Derecho Romano el heredero sucedía en la personalidad de su padre. En algunos respectos ha sido modificada la sucesión universal, pero no este sentido.

La objeción principal que se ha presentado en este caso consiste en que con arreglo a la ley positiva los nietos no tienen el derecho de representación cuando el abuelo deja tantos hijos legítimos como naturales y los nietos son hijos de un hijo natural. Los apelantes descansan casi exclusivamente en el texto inglés de las reglas para la sucesión testamentaria, transcritas y traducidas a continuación:

"(3886) Sec. 14.—Cuando el testador deje hijos o descendientes legítimos e hijos naturales legalmente reconocidos, tendrá cada uno de éstos derecho a la mitad de la cuota que corresponda a cada uno de los legítimos no mejorados, siempre que quepa dentro del tercio de libre disposición, del cual habrá de sacarse, deduciendo antes los gastos de entierro y funeral. Los hijos legítimos podrán satisfacer la cuota que corresponda a los naturales en dinero o en otros bienes de la herencia a justa regulación.

"(3887) Sec. 15.—Cuando el testador no dejare hijos o descendientes, pero sí ascendientes legítimos, los hijos naturales reconocidos tendrán derecho a la mitad de la parte de herencia de libre disposición.

"Esto se entiende sin perjuicio de la legítima del viudo, conforme a la sección 10 de esta ley, de modo que, concurriendo el viudo con hijos naturales reconocidos, se adjudicará a éstos sólo en nuda pro-

piedad, mientras viviere el viudo, lo que les falte para completar su legítima.

"(3888) Sec. 16.—Cuando el testador no dejare descendientes ni ascendientes legítimos, los hijos naturales reconocidos tendrán derecho a la tercera parte de la herencia.

"(3889) Sec. 17.—Los derechos reconocidos a los hijos naturales en *la sección precedente* se transmiten por su muerte a sus descendientes legítimos."

Ellos mantiene que las palabras *"sección precedente"* de la sección 3889 sólo se refiere a la sección 3888 y que excluyen la sección 3886 (de aplicación a este caso) que es la que rige cuando concurren los hijos legítimos con los naturales. Pero el texto español de la sección 3889 es claro en este punto y dice "secciones." La ley es indisputablemente de origen español. En el caso de *Celis Alquier* v. *Méndez,* 18 D. P. R. 150, esta corte estudió, con otro propósito, estas secciones y dijo que el fin principal que se propuso la legislatura al aprobarlas fué el de restaurar la ley respecto a hijos naturales al estado en que estaba antes de 1902 y conceder un derecho hereditario a los hijos naturales y no a toda clase de hijos ilegítimos. Dada la diferencia de ambos textos y la historia de los preceptos legales, sostenemos que la intención de la legislatura está expresada en el texto español. La falta del texto inglés en no decir "secciones" fué una mera omisión. Ni sería forzar violentamente la interpretación de la ley, con el fin de hacer efectiva la intención de la legislatura, el hacer que el "singular" incluya el plural, especialmente cuando la sección 3886 es también una sección precedente. Una interpretación algo semejante a ésta de la palabra "precedente" se halla en los casos de *Soleman* v. *Shattuck,* 2 Hun. 497, 502; *Sharon* v. *Sharon,* 79 Cal. 633, 640, 22 Pac. 26, 28.

Este es un caso de sucesión testada, pero los apelantes insisten en que las reglas aplicables a la sucesión intestada sostienen su punto de vista; y citan el artículo 913 del Código Civil (4009 de la Compilación), que reza como sigue:

"Art. 913.—A falta de descendientes y ascendientes legítimos, sucederán al difunto en el todo de la herencia los hijos naturales legalmente reconocidos.

"Si con los hijos naturales concurrieren descendientes de otro hijo natural o legitimado que hubiese fallecido, los primeros sucederán por derecho propio y los segundos por representación.

"Los derechos hereditarios concedidos al hijo natural en los dos párrafos anteriores, se transmitirán por su muerte a sus descendientes, quienes heredarán a su abuelo difunto.

"En el caso de quedar descendientes o ascendientes legítimos, los naturales (?) sólo percibirán de la herencia la porción que se les concede en la Ley para modificar y derogar los artículos 795, 796, etc., del Código Civil, aprobada el 9 de marzo de 1905.

"El hijo natural no tiene derecho a suceder abintestato a los hijos y parientes legítimos del padre o madre que lo haya reconocido, ni ellos al hijo natural ni al legitimado.

"Si el hijo natural reconocido muere sin dejar posteridad legitimada o reconocida por él, le sucederá por entero el padre o madre que le reconoció; y si los dos le reconocieron y viven, le heredarán por partes iguales.

"A falta de ascendientes naturales, heredarán al hijo natural sus hermanos naturales, según las reglas establecidas para los hermanos legítimos."

El derecho de un hijo natural para suceder a su padre quizá no lo concede el artículo 913, tan claramente como el 905, pero a nuestro entender el primero de dichos artículos revela la política general de la legislatura de hacer que los derechos de los hijos naturales desciendan, al menos, hasta sus hijos legítimos, aún bajo el supuesto, que negamos, de que tal derecho no esté garantido por el citado artículo 913.

Es de advertirse que la opinión de Manresa, tanto en cuanto a la sucesión testamentaria como a la intestada, tiende a sostener la conclusión a que hemos llegado. Manresa, Comentarios al Código Civil, Tomo VII, p. 107; Tomo VI, p. 559. El artículo 1004 del Código Civil, en materia de colación, arroja también un poco de luz sobre este punto.

Es de confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados del Toro y Hutchison.

El Juez Presidente Sr. Hernández y el Asociado Sr. Aldrey no intervinieron.