VELÁZQUEZ, DEMANDANTE Y APELANTE–APELADA, *v.* DE CHOUDENS ET AL., DEMANDADOS Y APELADOS–APELANTES.

APELACIÓN procedente de la Corte de Distrito de Guayama en pleito sobre complemento de herencia y otros extremos.

No. 2265.—Resuelto en mayo 31, 1921.

HERENCIA—SUCESIÓN TESTADA—NIETO NATURAL—DERECHO DE REPRESENTACIÓN.—Habiendo ocurrido la muerte de la testadora en el presente caso cuando estaba vigente la Ley de 9 de marzo de 1905, su nieto natural, o sea el hijo natural reconocido de su hijo legítimo, no tenía derecho de acuerdo con dicha ley a heredar en representación de su padre natural fallecido; y no desprendiéndose de la cláusula testamentaria que se transcribe en la opinión que fuera la intención de la testadora convertir en heredero a su nieto natural, es preciso concluir que éste no puede reclamar parte alguna en la herencia de aquélla.

ID.—ENMIENDAS DURANTE EL JUICIO—DISCRECIÓN JUDICIAL.—La concesión de permiso para enmendar alegaciones durante el juicio descansa en la sana discreción de la corte.

Los hechos están expresados en la opinión.

Abogado de la parte demandante: *Sr. C. Domínguez Rubio.*

Abogado de la demandada: *Sr. T. Bernardini.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Amelia Velázquez estableció esta acción a nombre de su hijo menor de edad Miguel de Choudens y Velázquez. La materia objeto de la controversia es la herencia de Elisa Cintrón y Sánchez, que falleció bajo testamento en el año 1905, o, lo que es importante para nuestros fines, después de la reforma hecha ese año por la Legislatura en las leyes de herencia.

El testamento fué otorgado en 15 de julio de 1904. El hijo menor de edad en favor de quien esta acción se establece tiene parentezco con la testadora en esta forma. El es el hijo natural reconocido de un hijo legítimo de dicha testadora. Miguel de Choudens y Velázquez, dicho menor, tenía un hermano y una hermana cada uno de los cuales era también hijo natural y reconocido por su padre que falleció antes que la testadora. Había dos cláusulas en el testamento de dicha testadora, a saber:

"Lega cinco cuerdas de terreno del predio que corresponde a la testadora en el barrio de Cuatro-Calles para pagar a la niña Isabel (Bebé) hija natural reconocida de su hijo Miguel de Choudens y Cintrón, los derechos que con tal motivo puedan corresponder a dicha niña en los bienes de la testadora y si sobrase, que queda el sobrante a favor de la misma niña, la cual es hija de Rosita Torres. Del propio modo y con referencia al niño Miguel también reconocido de su hijo Miguel, destina para cubrir en lo que alcance sus derechos el solar de la otorgante, doble, que ocupan actualmente Luisa Mingó y Julián Mata. Con dicho solar deberán cubrirse los derechos del referido niño Miguel, hijo de Amelia Velázquez y los del otro niño Rafael, hijo también de la antes referida Rosita Torres. Si algo faltase lo cubrirán los herederos de la otorgante que más adelante designará."

Esta acción la establece la madre, demandante nominal en este caso, no solamente para recobrar el solar específico referido para su hijo, sino también una supuesta porción hereditaria que ella alega existe y es en exceso del terreno específicamente dejádole por su abuelo natural. Los otros dos hijos naturales fueron hechos demandados en el pleito y también lo fué José Francisco de Choudens y Cintrón. Este

último era hijo de la testadora y él y una de sus hermanas eran los herederos con derecho a lo que quedaba nombrados en el referido testamento. La dicha hermana falleció y designó a su hermano como a su único heredero, de modo que la única otra persona hoy que tiene cualesquiera derechos hereditarios en oposición a los de los hijos naturales, es dicho demandado José Francisco de Choudens y Cintrón.

La Corte de Distrito de Guayama no estuvo conforme con la demandante en que su hijo tuviera algunos derechos hereditarios pero declaró probado que el solar dejádole por testamento no había sido traspasado a él o a su madre, y ordenó que fuera entregado. Ambas partes interpusieron recurso de apelación.

La demandante en apelación sostiene que su hijo tiene derechos hereditarios en exceso al solar legado a él. Basa ella esta alegación en dos fundamentos: primero, que la ley en vigor a la fecha de la muerte de la testadora convirtió a su referido hijo en un heredero, y segundo, que el testamento mismo revela la intención por parte de la testadora de que dicho hijo natural fuera uno de sus herederos.

El derecho del hijo menor de edad en este caso depende de la proposición de que habiendo fallecido antes de él el padre, él tiene el derecho de representación del padre. Esta corte ha resuelto que en materia de sucesión intestada las leyes de 1905 confirieron al hijo natural reconocido el derecho de suceder a su padre por representación. *Ex parte Smith,* 14 D. P. R. 664, y esta es todavía la ley, *Ortiz* v. *Rivera,* 26 D. P. R. 332. También es la ley que los derechos a la sucesión se rigen por la ley en vigor a la muerte del causante. *Ex parte Smith, supra; Correa* v. *Correa; infra,* 18 D. P. R. 117. En otros varios casos, *Correa* v. *Correa,* 18, D. P. R. 117; *Rijos* v. *Peña,* 19 D. P. R. 147; *Rijos* v. *Folgueras,* 19 D. P. R. 149, la corte ha resuelto que en materia de sucesión testada el nieto natural no tiene tal derecho de representación, o sea cuando el hijo natural era

hijo de un hijo legítimo. Sostiene la demandante que estas últimas decisiones se refieren a una época en la cual ni en la sucesión intestada ni en la testada el hijo menor no tenía derechos de representación, y la demandante insiste en que sería absurdo resolver que un hijo natural menor de edad tuviera derechos hereditarios por representación de su padre cuando no hay testamento, cuyos referidos derechos desaparecerían por el mero otorgamiento del testamento. Sin embargo, entendemos que esta es la ley. Un testador tiene un claro derecho a dejar su propiedad a cualquier persona que le plazca, salvando los derechos de los herederos forzosos. Puesto que un hijo natural, hijo de un hijo legítimo, no es tal heredero forzoso, su abuela natural tenía un perfecto derecho a prescindir de todo derecho de representación que dicho hijo natural pudiera haber tenido. El hijo natural tiene derecho a suceder a su padre a falta de una disposición testamentaria en contrario. Una persona podría otorgar un testamento después del año 1905 y hacer caso omiso enteramente de sus nietos, hijos naturales de un hijo legítimo. Creemos que la Corte de Distrito de Guayama procedió correctamente al resolver que a falta de una intención por parte de la testadora de hacer a estos hijos naturales herederos suyos no tenían ellos ningún derecho de acuerdo con la ley, para reclamar tal herencia.

¿Fué la intención de la testadora hacer a estos nietos naturales herederos suyos? ¿Tuvo la intención de que estos nietos naturales tuvieran otros derechos que los que hubieran tenido en el caso de no haber ella otorgado testamento alguno? Estas cuestiones resultan complicadas debido a la redacción algo ambigua de dicho testamento. Es evidente que la testadora o el que redactó el testamento tuvo la idea de que los nietos naturales como los que ahora consideramos tenían algunos derechos que una testadora no podía negarles. La fecha del testamento es tal vez su explicación. Sostenemos, sin embargo, que no aparece del referido testamento

la intención de hacer estos hijos herederos de ella o de darles más de lo que específicamente les legó.   Una cosa es tener una idea o creencia de que las personas tienen ciertos derechos y otra tener el propósito de que tal creencia se convierta en una realidad.   Doña Elisa Cintrón y Sánchez tuvo la intención de que sus nietos naturales tuvieran ciertos bienes inmuebles, fueran o no sus derechos legales iguales a los legados específicos.   Si sus pretendidos derechos legales eran inferiores a dichos legados, semejante hecho no podía militar en contra de ellos.   Por otra parte no se ha revelado ninguna intención de dar a ellos algo más, a menos que en realidad tuvieran ellos, vigente el testamento, más derechos legales que los bienes legados.   Creemos que esto se desprende de las cláusulas citadas, pero también por una razón algo diferente.

· Elisa Cintrón tenía dos hijos legítimos a la fecha del otorgamiento de su testamento, así como al ocurrir su fallecimiento.   Ella clara e inequívocamente tuvo la intención de que ellos fueran sus herederos.   El deseo que tenía en su mente era dar a estos hijos legítimos todo lo que tenía exceptuando los legados específicos hechos a sus nietos naturales y respetando también cualesquier derechos legales que tuvieran.   Nos sentimos obligados a declarar en beneficio de los herederos legítimos que en el testamento debió haber aparecido claramente la intención de dar a estos hijos más del solar específico, legado.   Si el testamento nada hubiera dicho sobre el particular referente a los nietos naturales ellos no hubieran tenido ningúnos derechos.   Expresar una creencia en contrario no puede alterar la situación.

El demandado José Francisco de Choudens también interpuso apelación por el fundamento de que la propiedad a la cual hubiera tenido derecho este menor por el legado directo de acuerdo con el testamento ya le había sido entregada.   No puede haber duda alguna de que se otorgó una escritura traspasando la supuesta porción a la madre del

hijo menor de edad, pero la madre y al parecer la corte creyeron que la propiedad realmente no había sido entregada.

La declaración de la madre fué al efecto de que ella quería que se le entregara una escritura y parecía admitir el hecho de estar ella en posesión. Por otra parte, el principal demandado juró que la propiedad en realidad había sido entregada a ella desde mucho tiempo antes.

La demandante también alegó como error el no haber la corte permitido hacerse una enmienda en el juicio. En cierto período del juicio se levantó la demandante y solicitó que su hermano fúera hecho parte demandante. Entonces también dicho hermano solicitó que se le tuviera como parte demandante. La corte negó ambas peticiones. El demandado muy acertadamente dice que la cuestión de una enmienda en medio del juicio es cosa que pertenece a la sana discreción de la corte y no vemos que haya abusado de ella.

La fecha de la entrega de la propiedad antes mencionada es algo dudosa. Por tanto, llegamos a la conclusión de que la sentencia debe ser revocada en tanto ordena la entrega de la propiedad pero debe devolverse el caso para que se determinen los frutos y productos, de haber algunos, durante el tiempo en que la demandante estuvo privada de la finca, si en realidad lo estuvo, y confirmada en los demás particulares.

> *Confirmada la sentencia apelada en cuanto por ella se declara que el demandante no es heredero; revocándose en cuanto a la entrega de la mitad del solar legado al mismo, y se decreta que se le paguen las rentas de la mitad del solar, sin especial condenación de costas.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.