ANTONIO RAMÍREZ, peticionario y apelado. EX PARTE GRACIELA PÉREZ TORRES; CONCEPCIÓN PÉREZ VÁZQUEZ a nombre y en representación de sus hijos ALBERTO, JULIO y MARÍA VIRGINIA PÉREZ VÁZQUEZ; ENGRACIA ALICEA como madre en representación de MARTA VIRGEN PÉREZ ALICEA y JULIA NAZARIO ZAVALA como madre de ANGEL LUIS PÉREZ NAZARIO, promoventes y apelantes.

Núm. 7157—*Sometido:* Abril 2, 1937. *Resuelto:* Abril 8, 1938.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

La controversia en este caso fué sometida a la corte inferior mediante una estipulación de hechos que pueden ser resumidos, conforme lo hizo la corte inferior, en la siguiente forma:

"El 20 de junio de 1921, doña Isabel Llera Vázquez otorgó testamento abierto . . . instituyendo por sus únicos y universales

herederos a sus legítimos hijos José, Fernando e Isabel Pérez Llera y Carmen Luisa Rucabado Llera, los tres primeros habidos en su primer matrimonio con don Fernando Pérez y la última en las segundas nupcias contraídas con don Mateo Rucabado. Antes que la testadora, el 5 de mayo de 1932, falleció el heredero José Pérez Llera, dejando como únicos herederos a los peticionarios y a su legítima madre, doña Isabel Llera Vázquez. Dos años más tarde, el 28 de junio de 1934, falleció doña Isabel Llera Vázquez, sin haber revocado ni modificado su mencionado testamento. Su albacea, don Antonio Ramírez solicitó de esta corte y obtuvo a su favor, la correspondiente carta testamentaria. El 6 de octubre del año pasado los peticionarios, que son los hijos naturales y nietos naturales de José Pérez Llera, nombrados en la petición, solicitaron el nombramiento de un contador partidor, a los efectos de la herencia relicta por doña Isabel Llera Vázquez, de quien alegan ser herederos en representación de su padre y abuelo natural, José Pérez Llera. El albacea de doña Isabel Llera Vázquez, Antonio Ramírez, se opuso a la moción de los peticionarios, alegando a manera de excepción previa que la petición no aduce hechos que justifiquen el remedio solicitado, y que los peticionarios no tienen derecho a intervenir en la partición de la herencia en cuestión, por no ser herederos ni tener derecho alguno a la herencia de doña Isabel Llera Vázquez . . . Los peticionarios plantean su proposición en la estipulación de hechos, en la siguiente forma: A. Que son ellos herederos de doña Isabel Llera Vda. de Rucabado, como nietos naturales de ella, y en representación de su padre natural don José Pérez Llera, hijo legítimo de aquélla, ya hubiese ocurrido el fallecimiento de doña Isabel Llera con testamento o ab intestato. B. Que como tales hijos naturales reconocidos de José Pérez Llera, y en su representación, tienen derecho a promover la partición de los bienes de doña Isabel Llera Vázquez.''

La corte inferior resolvió que cualesquiera supuestos derechos de representación debían ser investigados a la luz de los artículos 887 y 888 del Código Civil (ed. 1930) que leen:

''Artículo 887.—Llámase derecho de representación el que tienen los parientes de una persona para sucederle en todos los derechos que tendría si viviera o hubiera podido heredar.

''Artículo 888.—El derecho de representación tendrá siempre lugar en la línea recta descendente, pero nunca en la ascendente.

''En la línea colateral sólo tendrá lugar en favor de los hijos de hermanos, bien sean de doble vínculo, bien de un solo lado.''

La corte inferior adoptó la posición de que los parientes a que el artículo 887 se refiere eran los parientes legítimos y que como los peticionarios eran hijos y nietos naturales de José Pérez Llera, ellos no podían sucederle en los derechos que éste hubiera tenido en la herencia, de haber sobrevivido a su madre Isabel Llera. La corte citó lo siguiente de Manresa:

"Sabemos que la familia legítima es en el Código la regla, y la familia natural la excepción; y que, por lo mismo, cuando la ley habla sólo de ascendientes, descendientes, hermanos, etc., se refiere a los legítimos o legitimados por el matrimonio, y cuando quiere referirse a los descendientes, ascendientes o hermanos naturales o ilegítimos, añade el calificativo correspondiente. Así lo prueban multitud de artículos. . . .

"Para la representación del hijo o del hermano legítimo por descendientes o hijos naturales media otro obstáculo; el art. 943 que prohibe suceder entre sí a los parientes legítimos y naturales. Hay que buscar, por lo tanto, fuera del artículo 925, y en otros que se refieren a la familia natural lo que en este lugar no resulta, y en efecto, el art. 940 resuelve en parte la cuestión, que volverá a presentársenos al comentar el 945." 7 Manresa, Cód. Civil, 58 y 59.

La corte dice además:

"Aún hay más: Los hijos naturales de un hijo legítimo no pueden heredar en virtud del art. 943 a su abuelo, pariente legítimo de su padre, ni por derecho propio ni por derecho de representación." 7 Manresa, Cód. Civ. 102.

El artículo 943 (Código Civil español) mencionado en la cita anterior lee:

"El hijo natural y el legitimado no tienen derecho a suceder ab intestato a los hijos y parientes legítimos del padre o madre que lo haya reconocido, ni ellos al hijo natural ni al legitimado."

El artículo arriba copiado equivale al inciso 5 del artículo 913 de nuestro Código Civil (Comp. de 1911), el que, hasta 1923 cuando fué enmendado, leía así:

"El hijo natural no tiene derecho a suceder abintestato a los hijos y parientes legítimos del padre o madre que lo haya reconocido, ni ellos al hijo natural ni al legitimado."

El artículo anterior fué enmendado por la Ley núm. 88 de 1923 (Leyes de ese año, pág. 651) del siguiente modo:

"El hijo natural reconocido no tiene derecho a suceder ab intestato a los hijos y parientes legítimos—con excepción de los abuelos y demás ascendientes—del padre o madre que lo haya reconocido, ni ellos al hijo natural reconocido ni al legitimado."

En 1930, por la Ley núm. 48 de ese año (Sesión Ordinaria, págs. 369, 387) el párrafo transcrito fué enmendado, de forma que al presente lee:

"El hijo natural reconocido no tiene derecho a suceder abintestato a los hijos y parientes legítimos—con excepción de los abuelos y demás ascendientes—del padre o madre que lo haya reconocido, ni aquéllos al hijo natural reconocido."

La corte inferior continúa diciendo que, conforme puede verse, las enmiendas de 1923 y 1930 no afectan sustancialmente, en tanto en cuanto el mismo se refiere al presente caso, el inciso 5 del artículo 913, que en la actualidad equivale al 902 del Código Civil (edición de 1930).

"Se observará," dice la corte, "que en todo tiempo el precepto en cuestión ha estado limitado a la herencia ab intestato, nunca a la testamentaria. El legislador siempre ha tenido buen cuidado de referirse al derecho a suceder ab intestato, nunca al de suceder por testamento. Por consiguiente, las enmiendas que en 1923 y 1930 sufrió el párrafo quinto del artículo 913 (ed. 1911) . . . . no puede afectar en manera alguna al presente caso en que no se trata de una sucesión ab intestato . . . . doña Isabel Llera Vázquez murió bajo testamento . . . . testamento que no se impugna. . . . . La situación legal de los hijos naturales en lo que respecta a su derecho a heredar ab intestato a sus abuelos y ascendientes legítimos, es igual a la de los colaterales."

La corte de distrito continuó diciendo que si Isabel Llera Vázquez no hubiera otorgado testamento o si su testamento fuera declarado nulo, entonces, y sólo entonces, podían los promoventes descansar en el inciso 5 del artículo 902 del Có-

digo Civil. Y eso era así, según el juez, porque los hijos naturales reconocidos no son herederos forzosos del padre o madre de su progenitor.

El artículo 736 del Código Civil (edición de 1930) define los herederos forzosos del siguiente modo:

"Son herederos forzosos:

"1. Los hijos y descendientes legítimos respecto de sus padres y ascendientes legítimos.

"2. A falta de los anteriores, los padres y ascendientes legítimos respecto de sus hijos y descendientes legítimos.

"3. El viudo o viuda, los hijos naturales legalmente reconocidos y el padre o madre de éstos en la forma y medida que establecen los artículos 761, 762, 763, 764, 767, 768, 769, 770, 771 y 772 de este Código."

A la corte inferior le pareció que de acuerdo con los preceptos de la ley el hijo natural es un heredero forzoso tan sólo de sus padres, mas no de sus abuelos. Pues, según razonó la corte, si la intención de la Asamblea Legislativa hubiera sido considerarles como herederos forzosos de sus abuelos u otros ascendientes, no hubiera usado las palabras "hijos naturales" sino "descendientes naturales", o hubiera agregado a las palabras "hijos naturales" la frase "y descendientes naturales", conforme lo hizo en el primer párrafo al referirse a los hijos y descendientes legítimos. La corte inferior revisó entonces la jurisprudencia de este tribunal y especialmente los casos de *Velázquez* v. *De Choudens, et al.*, 29 D.P.R. 523; *Ex parte Smith, et al.*, 14 D.P.R. 664; *Ortiz* v. *Rivera, et al.*, 26 D.P.R. 332; y *Correa* v. *Correa*, 18 D.P.R. 117.

Una de las conclusiones de la corte inferior es que en la sucesión testada tan sólo los herederos forzosos no pueden ser preteridos y los hijos naturales no son herederos forzosos de sus abuelos cuando existe testamento. Bajo estas circunstancias la corte inferior resuelve que el caso de *Velázquez* v. *De Choudens,* supra, es aún la ley y que el razonamiento del mismo es enteramente aplicable. Dicho caso siguió el principio enunciado en el de *Correa* v. *Correa,* supra.

La corte de distrito no pasa por alto el hecho de que los promoventes sostienen que estas decisiones y los comentaristas españoles se refieren a una época en que en Puerto Rico al hijo natural no se le tenía la misma consideración que se le da hoy en día.

En la página 8 del alegato de una de las apelantes hallamos el siguiente párrafo:

"El error en que incurre la corte inferior obedece a la circunstancia de haberse circunscrito el tribunal a seguir estrictamente el criterio de Manresa, que no tiene razón de ser en Puerto Rico, porque el derecho positivo ha cambiado fundamentalmente; y es indiscutible que el hecho de haber existido siempre en España legislación que impidiera a los hijos naturales heredar a los parientes legítimos del padre o madre que les reconociera, dió lugar en toda ocasión a que los preceptos legales relativos al derecho de representación, se interpretaran en sentido restrictivo, en perjuicio de los hijos naturales, a quienes, de otro modo, el derecho de representación hubiera beneficiado. Véase Tratado de Derecho Civil Español, por Calixto Valverde, tomo 5, pág. 423."

No podemos resolver tal cosa. Todo lo que el poder legislativo hizo fué aumentar los derechos de los hijos naturales en el campo de la sucesión intestada. Por ejemplo, cuando existe testamento, en ausencia de descendientes o ascendientes legítimos, el testador no puede privar a los hijos naturales de la tercera parte de la herencia (artículo 769 del Código Civil). Pero en lo que a la sucesión intestada se refiere, el primer inciso del artículo 902 del Código Civil (edición de 1930) dispone:

"A falta de descendientes y ascendientes legítimos o legitimados, sucederán al difunto en el todo de la herencia, los hijos naturales legalmente reconocidos."

Esto de por sí es una demostración de la diferencia existente en la "lex scripta", ora se trate de la sucesión testada o intestada.

En otra parte del alegato la misma apelante dice que de acuerdo con algunas autoridades francesas la sucesión intes-

tada es la verdadera sucesión. No tenemos ante nos ni el Código Civil francés ni las razones que indujeron a los señores Colin y Capitant (7 Derecho Civil 12–13) a llegar a tal conclusión.

Años ha, este tribunal, en *Julbe* v. *Guzmán*, 16 D.P.R. 530, tuvo ocasión de considerar los derechos de un viudo, tanto bajo la sucesión testada como bajo la intestada. La mayoría del tribunal resolvió que como aquél era un caso de sucesión intestada la preferencia dada al viudo en la sucesión testada no podía prevalecer. Los Sres. Jueces Hernández y Figueras disintieron y adujeron prácticamente el mismo argumento que se ha presentado en este caso, o sea, *ubi eadem est ratio eadem debet esse juris dispositio*. En la opinión de la mayoría se hace una cita de Scaevola al efecto de que la sucesión testada ha de considerarse como la normal y la sucesión intestada como supletoria de ella. Tomamos lo siguiente de dicha cita:

"4. La sucesión intestada, en el derecho civil español, es defectiva o supletoria de la testada. En ella el legislador (y por eso se llama legítima) suple una falta de voluntad individual acerca de la disposición de los bienes de una persona, estableciendo reglas generales para todos los casos en que falte la expresión de esa voluntad. Es, pues, digámoslo así, un testamento colectivo hecho por la ley para todos aquellos casos en que no exista testamento individual, interpretando la presunta voluntad de los así fallecidos." Scaevola, "Comentarios al Código Civil", tomo 14, pág. 615 y siguientes.

Toda la cita es digna de leerse.

No es menester que resolvamos definitivamente en este caso cuál es la sucesión que ha de preferirse. La Asamblea Legislativa nada dice a este respecto. Se han aprobado varias leyes mejorando las condiciones de los hijos naturales, pero por otra parte el legislador no ha mostrado intención alguna de modificar la "ley de familia" a que una o más de las apelantes se refieren. Nada hallamos en el Código Civil, conforme ha sido enmendado por la Asamblea Legislativa, que indique que ésta haya tenido la intención de modificar la ley

que ha regulado los derechos de los hijos naturales a representar a sus padres, de modo que puedan heredar de los ascendientes legítimos de tales padres, a no ser según se especifica en la sucesión intestada.

*Por tanto, convenimos con la opinión de la corte inferior y la resolución apelada debe ser confirmada.*